UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE FOCO,

        Plaintiff,

v.

FREUDENBERG-NOK GENERAL PARTNERSHIP
and VIBRACOUSTIC NORTH AMERICA,

        Defendants.

Case No. 11-11415

Hon. George Caram Steeh
Magistrate Judge R. Steven Whalen

| ANGELA L. WALKER (P67625) | MEGAN P. NORRIS (P39318) |
|---|---|
| NACHT, ROUMEL, SALVATORE, BLANCHARD & WALKER, P.C. | RICHARD W. WARREN (P63123) |
| | LAVON AMMORI (P74506) |
| ATTORNEY FOR PLAINTIFF | MILLER, CANFIELD, PADDOCK & STONE, P.L.C. |
| 101 N. MAIN STREET, STE. 555 | ATTORNEYS FOR DEFENDANTS |
| ANN ARBOR, MI 48104 | 150 WEST JEFFERSON, SUITE 2500 |
| (734) 663-7550 | DETROIT, MI 48226 |
| awalker@nachtlaw.com | (313) 963-6420 |
| | norris@millercanfield.com |
| | warren@millercanfield.com |
| | ammori@millercanfield.com |

**STIPULATED PROTECTIVE ORDER GOVERNING PROTECTION OF
CONFIDENTIAL EMPLOYMENT RECORDS AND DOCUMENTS**

    The parties in the above-captioned litigation having stipulated to entry of this Protective Order Governing Protection of Confidential Employment Records and Documents, and pursuant to the authority of this Honorable Court under Fed. R. Civ. P. 26(c), and this Honorable Court being otherwise duly and fully advised in the premises;

    IT IS HEREBY ORDERED THAT:

1.  Defendants shall produce the following documents to Plaintiff, which are hereby subject to this Stipulated Protective Order Governing Protection Of Confidential Employment Records and Documents (this "Order"), and the documents and/or things and their content shall not be disclosed beyond the confines of this lawsuit:

**(a)** Joe Lak's personnel file; **(b)** Paul Fernandez's personnel file; **(c)** Kip Yoder's personnel file; **(d)** Gary Perkins' personnel file; **(e)** Bilal Bazzi's personnel file; and **(f)** John Prince's personnel file.

2.  The protections and safeguards described below in this Stipulated Protective Order shall also apply to Defendants' Salary Planning spreadsheets, salary ranges and guidelines, salary compensation plans, sales strategy, talent management documents, and any document which reveals a specific employee's salary or benefits, all of which contain confidential, proprietary and personal information. The parties also agree that the protections and safeguards below shall apply to Plaintiff's medical records.

3.  All such documents and things identified in Paragraphs 1 and 2, above, are deemed and shall be marked "Confidential," and shall be used by counsel for Plaintiff only in connection with this action and shall not be provided, disclosed or made known to any person by Plaintiff's counsel except Plaintiff, paralegal and secretarial employees of Plaintiff's counsel, deposition and trial witnesses, experts, persons directly involved in the preparation of trial witnesses and experts, and other persons directly involved in the preparation or trial of this action. Prior to disclosing such documents and/or things during deposition, at trial or to expert witnesses, non-expert witnesses or to other persons directly involved in the preparation or trial of this action, Plaintiff's counsel shall have such person review this Order and such person shall be advised of the obligation to honor the confidentiality designation and must agree to do so or, if

such document or thing is used during a deposition, must agree to do so on the record. Plaintiff's counsel shall not provide any deponent, fact witness, or expert witness with copies of any documents or things identified in Paragraphs 1 and 2 above.

4. Plaintiff shall only be permitted to review the documents and things set forth in Paragraphs 1 and 2 with her attorneys for the purposes of consultation and preparation for her lawsuit. Plaintiff shall not be given any copies of the documents and things set forth in Paragraphs 1 and 2, and shall not show such documents and things to any person other than her attorneys. Under the terms of this Order, Plaintiff is also not permitted to discuss the contents of the documents and things set forth in Paragraphs 1 and 2 with anyone other than her attorneys, including but not limited to former coworkers, or any witnesses or potential witnesses in this lawsuit. Further, all documents, things and any other information subject to this Order shall not be used by Plaintiff for any business, competitive, personal, private or public purpose.

5. Confidential documents and things may be disclosed to the Court, its personnel, court reporters, and case evaluation panelists. Any document or thing covered by this Order filed with the Court must be filed under seal and must comply with the Eastern District of Michigan's rules concerning electronic filing of documents under seal. Each document filed under seal must be filed in an envelope marked "Sealed" or "Confidential" and must contain the case number, case title and title of the Motion (or other document) to which the sealed document relates.

6. Subject to the Federal Rules of Evidence, materials protected by this Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court.

7. Upon termination, either by final judgment after appeal, if any, or by settlement of

this litigation, Plaintiff's counsel shall return to Defendants' counsel, within thirty (30) business days of receipt of a written request, all materials and information protected by this Order, and shall certify in writing that such materials, including all copies, have been returned. Plaintiff's counsel shall destroy any and all extracts, summaries, and analyses of the information or materials protected by this Order and shall certify in writing to Defendants' counsel that all such materials, including all copies, have been destroyed.

8. Nothing contained herein shall be construed to prevent, limit or restrict the use of Confidential documents and things protected by this Order by Defendants' employees in the performance of their duties for Defendants.

9. The inadvertent production of any attorney-client privileged and/or work product protected document shall not constitute waiver of the privilege or protection, and shall not constitute a general waiver of such privilege or protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is attorney-client privileged and/or work product protected and has been produced inadvertently, and the party to whom the document has been produced refuses to return it, the party who produced the document will promptly file a motion to compel the return of the document; and the party to whom the document was produced may retain the document pending resolution of the motion to compel but, unless and until that motion is denied by the Court, may not use or disclose that document in any way, except as it relates to the motion to compel.

10. The terms of this Order shall survive and remain in effect after the termination or settlement of this litigation.

11. This Order is subject to modification at any time upon further stipulation of the parties or pursuant to an order of this Court.

                                                   s/George Caram Steeh
                                                   United States District Judge

Dated: August 23, 2011

**STIPULATED AS TO FORM AND SUBSTANCE**

s/Angela L. Walker (w/consent)
ANGELA L. WALKER (P67625)
NACHT, ROUMEL, SALVATORE, BLANCHARD
  & WALKER, P.C.
ATTORNEY FOR PLAINTIFF
101 N. MAIN STREET, STE. 555
ANN ARBOR, MI 48104
(734) 663-7550
Date: August 23, 2011


s/Richard W. Warren
MEGAN P. NORRIS (P39318)
RICHARD W. WARREN (P63123)
LAVON AMMORI (P74506)
MILLER, CANFIELD, PADDOCK & STONE, P.L.C.
ATTORNEYS FOR DEFENDANTS
150 WEST JEFFERSON, SUITE 2500
DETROIT, MI 48226
(313) 963-6420
Date: August 23, 2011